**Kevin Dewayne POWELL,
Petitioner–Appellant,**

v.

**James SAFFLE, Respondent–Appellee.**

**No. 01–6117.**

United States Court of Appeals,
Tenth Circuit.

May 22, 2002.

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

## ORDER AND JUDGMENT *

PORFILIO, Circuit Judge.

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Kevin Dewayne Powell seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Determining that Mr. Powell has not met the statutory requirements, we deny his application and dismiss the appeal.

To be entitled to a COA, Mr. Powell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotation omitted).

We may grant habeas relief on a claim adjudicated on the merits in state court only if that court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In 1996, Mr. Powell was found guilty by a jury of assault and battery with a dangerous weapon and possession of a firearm after former conviction of two felonies. He was sentenced to sixty years on count one and ten years on count two, to be served concurrently. Mr. Powell's conviction was affirmed on appeal. His state petition for post-conviction relief was denied.

In this federal habeas petition, Mr. Powell asserts that the trial court's statements to the jury during deliberations were coercive. He also argues he received ineffective assistance of counsel because counsel knew of expert testimony that could clear him, but failed to offer it and that the state failed to prove the essential elements of the crime by failing to show that he had the specific intent to injure a person. Lastly, he contends he was entitled to lesser included offense instructions on reckless conduct of a firearm.

Upon review of the record submitted to this court and Mr. Powell's brief on appeal, we conclude that he has failed to meet the standards established in § 2254(d). Reasonable jurists could not debate whether his "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595 (quotation omitted). Consequently, we DENY Mr. Powell's application for a COA and DISMISS this appeal. Mr. Powell's motion to

---

proceed in forma pauperis on appeal is denied as moot.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.